**UNITED STATES Of America,**
**Plaintiff–Appellee,**

v.

**Alfredo PORTILLO–ESCALANTE,**
**Defendant–Appellant.**

No. 11–30080.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Dec. 22, 2011.

Pamela Jackson Byerly, Assistant U.S. Attorney, USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Matthew Campbell, Assistant Federal Public Defender, FPDWA—Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Alfredo Portillo–Escalante appeals from the 77–month sentence imposed following his guilty-plea conviction for being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Portillo–Escalante contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, the bottom-of-the-Guideline sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Portillo–Escalante further contends that his prior conviction sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(D) is per se unreasonable. His argument is foreclosed. *See United States v. Barsumyan*, 517 F.3d 1154, 1159 (9th Cir.2008) (policy-based argument against the Guidelines must be asserted on the ground that its operation in a particular case results in a sentence that is unreasonable under § 3553(a)).

Lastly, Portillo–Escalante's contention that imposition of his 16–level enhancement is an *Apprendi* violation is foreclosed. *See Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

